FILED

MAY 1 4 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS E. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. **10 0785** |
| | ) |
| EFFORTS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court for consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application and dismiss the complaint.

It appears that plaintiff recently was transferred from a halfway house to the D.C. Jail, and, as a result, was prevented from taking legal papers with him and lost an opportunity to participate in a job training program. The Court construes the complaint as one under 42 U.S.C. § 1983 for violations of the First Amendment and the Fifth Amendment to the United States Constitution.

In order to state a claim for denial of access to the courts, a plaintiff must show that he was hindered in pursuing a cognizable legal claim. *See Bush v. Butler*, 521 F. Supp. 2d 63, 70 (D.D.C. 2007) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Although plaintiff indicates that there were two cases pending in this Court during the relevant time period, he does not

1

allege that he "actually lost ... [an] otherwise valid legal claim [or] that he is unable to raise such a claim in any other proceeding." *Ali v. District of Columbia*, 278 F.3d 1, 8 (D.C. Cir. 2002). His First Amendment claim, therefore, will be dismissed.

Insofar as plaintiff asserts a due process claim with respect to a halfway house placement or job training program, the claim fails. *See, e.g., Crosby Bey v. Zoley*, No. 09-0284, 2009 WL 350596, at *1 (D.D.C. Feb. 12, 2009) (holding that the prisoner plaintiff had "no constitutionally-protected liberty interest in . . . placement in a halfway house"); *Johnson v. United States*, 590 F. Supp. 2d 101, 109 (D.D.C. 2008) (concluding that plaintiff had "no constitutionally protected right to a halfway house placement or home detention arrangement" upon his release on parole); *Forrester v. Fed. Bureau of Prisons*, No. 06-1954, 2007 WL 2616916, at *2 (D.D.C. Sept.12, 2007) ("[P]risoners do not have a due process right to participate in vocational and educational programs, let alone one of their choosing.") (citations omitted); *Williams v. Moore*, 899 F. Supp. 711, 714 (D.D.C. 1995) (concluding that the District of Columbia had not created a liberty interest in a work furlough program). Plaintiff's Fifth Amendment claim also will be dismissed.

The Court will dismiss this action for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b). An Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: 5/7/10